CLUTE v. WHEATON.

DEEDS—ESTATES CREATED—RETENTION OF LIFE INTEREST—EFFECT.
    Intestate, having conveyed a tract of land to defendant, her
    daughter, taking back a life lease, subsequently made a war-
    ranty deed of a part of the same land to defendant, taking
    back a life lease conditioned for the payment by defendant
    to intestate's two sons of a sum of money within two years
    after intestate's death, in default of which the land conveyed
    was to become the property of the three in common. *Held,*
    that at the time the second deed was made intestate had no
    title to the land except her life estate, which she did not part
    with, and that the sons acquired no interest by virtue of the
    condition in the second lease.

Appeal from Calhoun; North, J. Submitted June 19,
1907. (Docket No. 55.) Decided March 17, 1908.

Bill by Charles M. Clute, administrator of the estate of
Melvin L. Clute, deceased, against Mary E. Wheaton
and Russell E. Clute to construe certain deeds and leases,
a partition of real estate, and for an accounting. From
a decree dismissing the bill, complainant appeals.
Affirmed.

*W. A. Collins* and *A. McClatchey*, for complainant.

*Winsor & Miller* and *James M. Powers*, for defend-
ants.

MOORE, J. Alazan Clute died intestate, July 15, 1897.
She was the mother of Mary E. Wheaton, Russell E.
Clute, and Melvin L. Clute. At one time she owned the
southwest fractional quarter of section 30, town 1 south,
of range 5 west, Calhoun county, Michigan. Melvin L.
Clute died November 19, 1900. May 28, 1903, the com-
plainant was appointed administrator of his estate. On
March 25, 1905, this suit was commenced. The bill of

complaint asks for a construction of certain papers and that they be declared to constitute a trust, for partition of the real estate above described, and for an accounting. Russell E. Clute disclaimed any interest in the litigation. The case was put at issue as to the other defendant and tried. The bill of complaint was dismissed. The case is brought here by appeal.

The record shows the following state of facts: On the 1st day of September, 1879, Alazan Clute deeded the east half of the southwest fractional quarter of said section to her son Russell E. Clute. This deed was not recorded, but was delivered to Russell E. Clute, and he took possession of the land and occupied it until the 14th day of August, 1884, when he sold it to Mary E. Wheaton for the sum of $4,000, and she went into possession. At the time Mary E. Wheaton bought the east 80 acres, the deed from Alazan Clute to Russell E. Clute had not been recorded, leaving, the record of title in Alazan Clute. That being the case, and, it is said, to save the expense of recording the deed from Alazan Clute to Russell E. Clute, the parties had the deed made directly from Alazan Clute to Mary E. Wheaton. Russell E. Clute undertook to cancel the deed from his mother by writing across the face of it:

"This deed is hereby canceled, set aside, and held for naught and surrendered August 14, 1884.

"RUSSELL E. CLUTE."

He delivered the canceled deed to Mary E. Wheaton who produced and introduced it in evidence on the trial. May 13, 1905, Russell E. Clute also made to Mary E. Wheaton a quitclaim deed of the same property. On the 2d day of December, 1892, Alazan Clute deeded "all the west fractional half of the southwest quarter of section thirty" to Mary E. Wheaton. On the same date, and as a part of the same transaction, Mary E. Wheaton executed and delivered to Alazan Clute a deed of a life estate in the west fractional half of the southwest quarter

of section 30. It is shown by a preponderance of the proof that these instruments were delivered at the time of their execution.

On the 5th day of January, 1891, Mary E. Wheaton conveyed to Alazan Clute a life estate in and to "the east half of the southwest quarter of section 30." On the 16th day of May, 1894, Alazan Clute executed and delivered to Mary E. Wheaton a deed of "69 acres of land off from the west side of the southwest fractional quarter of section number 30." On the same day Mary E. Wheaton executed and delivered to Alazan Clute a life lease of "69 acres of land off from the west side of the southwest fractional quarter of section 30 * * * for and during the term of natural life of the said Alazan Clute, commencing on the 16th day of May, 1894, and ending at the death of said Alazan Clute." The annual rental was $1. The life lease contained the following condition:

"And it is further agreed by the said party of the first part for the consideration of a deed this day made of the above-described lands to her from the said Alazan Clute, that she, the said first party, her executors or assigns will, within two years after the death of the said Alazan Clute without fraud or delay, pay to Melvin L. Clute, a son and heir of said first party, one thousand dollars and will also in the same time pay to Russell E. Clute, a son and heir of said first party, the sum of five hundred dollars and that in default of such payment to be made as aforesaid, the said above-described land and which this day has been deeded as aforesaid, shall revert to and become the property of the said Russell E. Clute, Melvin L. Clute and Mary E. Wheaton to be equally divided between them, share and share alike, and the above-named heirs of the said Alazan Clute, and no others, upon such default may re-enter the said lands and take possession of the same according to law, provided, however, that if the party of the second part shall well and truly perform and fulfill all and singular the covenants herein contained on her part to pay the moneys for rent, taxes, repairs, insurance, improvements or for any other purpose whatsoever, then this conveyance to be void."

It was signed and acknowledged by Mary E. Wheaton.

On the 14th day of April, 1896, Alazan Clute executed and delivered to Mary E. Wheaton a warranty deed of "all of the southwest fractional quarter of section 30," and it was stated therein: "This deed corrects an error and mistake." Other papers were executed at this time which we think it unnecessary to refer to. The important claims of complainant are:

*First.* That the deed and life lease of the 16th of May, 1894, are to be construed together as one instrument, and that they created, first reserving to Alazan Clute a life lease, an executed trust in the property which they cover, which trust gave to the persons benefited vested estates, irrevocable from the time of their creation which was May 16, 1894.

*Second.* That under the trust, Mary E. Wheaton took an estate upon conditional limitation.

*Third.* That under the trust, Melvin L. Clute, Russell E. Clute and Mary E. Wheaton were given estates upon contingent remainder, upon the happening of which contingency, the three took equal estates in common, and the precedent estate of Mary E. Wheaton, upon conditional limitation, ceased to exist.   *   *   *

*Fifth.* That Mary E. Wheaton should be compelled to account for the profits of the property since July 15, 1899.

Are these contentions well taken? It has already appeared that Melvin L. Clute survived his mother nearly three and one-half years. The $1,000 was not paid to him, nor did he enter upon the land heretofore described, nor does it appear very clearly that he claimed the money or the land. It becomes material to inquire what the situation was when the deed and lease of May 16, 1894, were made. It already appears that Alazan Clute sold to her son Russell E. Clute the east half of the fractional quarter as long ago as in 1879, and never had any title thereto afterward. It is practically conceded by counsel that this description of land is eliminated from the case. It has also appeared that on December 2, 1892, Alazan Clute deeded to Mrs. Wheaton the west half of this frac-

tional quarter, at which time she took back a life lease in the ordinary form. From that time on it does not appear that Alazan Clute had any title to the land in controversy except by virtue of her life lease. What, then, did she part with when she made the deed of May 16, 1894? Evidently nothing unless it was her life interest. She did not part with that because at the time she made the deed, and as part of the same transaction, she took back a life lease to herself. It must not be forgotten that Melvin L. Clute had no title to any of this property. It is not made to appear that he was in any way a party to the agreement, or that any consideration passed from him or from his mother to Mrs. Wheaton, or that the lease was ever delivered to him. Can it be said that as the result of what was done on May 16, 1894, Melvin L. Clute acquired a vested interest in this real estate? We think this question must be answered in the negative.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.